UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NANCY C.,                                                    23-CV-00290-MJR
                                                             DECISION AND ORDER
                    Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 16)

Plaintiff Nancy C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 13) is granted, and defendant's motion (Dkt. No. 15) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed her claim for DIB on August 10, 2017, with an alleged disability-onset date of October 27, 2014. (Administrative Transcript ["Tr."] 169-72). Her claim was denied (Tr. 96-100), and at her request, she appeared before Administrative Law Judge ("ALJ") Paul Georger for an administrative hearing on August 16, 2019. (Tr. 32–68). On October 29, 2019, the ALJ issued an unfavorable decision. (Tr. 12-29).

Plaintiff ultimately sought judicial review in this Court, and the parties stipulated to a remand. (Tr. 1443–46). In its remand order, dated April 3, 2022, remanding the case to the ALJ, the Appeals Council ("AC") noted, *inter alia,* that the ALJ failed to provide "a narrative discussion with citation to evidence in the record explaining the basis for each of the limitations found" in his residual functional capacity ("RFC") determination, and in particular, "did not explain how the timeframes for sitting and standing [a sitting and standing limitation] were derived from the record." (Tr. 1450). The AC ordered that on remand, the ALJ "provide rationale with specific references to evidence of record in support of the assessed limitations." (Tr. 1450).

On remand, ALJ Georger conducted a second administrative hearing, via videoconference, on September 27, 2022, at which Plaintiff participated, along with counsel. (Tr. 1357-93). A vocational expert and medical examiner also testified.

On November 29, 2022, the ALJ issued another unfavorable decision. (Tr. 1324-56). This case followed.

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

## DISCUSSION

I.     *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner."  *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review.  The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant."  *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).  The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve."  *Veino*, 312 F.3d at 588.  While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct.  The Commissioner's decision is, as

described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and

whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's

RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Preliminarily, the ALJ determined that Plaintiff met the insured status requirements for eligibility for DIB through June 30, 2020. (Tr. 1330). Then, at step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity between October 27, 2014, and her date last insured. (Tr. 1330). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine with cervical and lumbar radiculopathy and lumbar

- 6 -

spondylosis, status-post cervical fusion surgery with instrumentation; degenerative joint disease of the right hip; and asthma. (Tr. 1330–31). At step three, the ALJ determined that none of Plaintiff's impairments, singly or in combination, met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 1332–33).

Prior to moving to step four, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with additional limitations, including no use of ramps or stairs, ladders, ropes, or scaffolds; no balancing, crawling, kneeling, or crouching; occasional stooping; no work in humidity or wetness, or around dust, odors, fumes, and pulmonary irritants; no work in extreme heat or extreme cold; no exposure to unprotected heights or moving mechanical parts; no operation of a motor vehicle; and the use of a cane to ambulate long distances. (Tr. 1333).

At step four, the ALJ found that Plaintiff was not capable of her past relevant work as an assistant manager, a laundry worker, or a sales associate. (Tr. 1344-45). At step five, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 1345-46). Consequently, the ALJ found that Plaintiff was not disabled during the relevant period. (Tr. 1347).

IV.    *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded, because the ALJ failed to follow the AC's remand order.  The Court agrees.

Under the Commissioner's regulations at 20 C.F.R. §§ 404.977(b), an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order."  Failure to obey a remand order issued by the AC "can form the basis for a remand to the Commissioner." *Bell v.*

*Colvin*, 15-cv-1160-LEK, 2016 U.S. Dist. LEXIS 165592, at *27-28 (N.D.N.Y. Dec. 1, 2016) (*citing Cabibi v. Colvin*, 50 F. Supp. 3d 213, 229 (E.D.N.Y. Aug. 28, 2014) (*citing* 42 U.S.C. § 405(g); s*ee also Surya H. v. Comm'r of Soc. Sec.*, 20-cv-1862-MWP, 2023 U.S. Dist. LEXIS 22362, at *8 (W.D.N.Y. Feb. 9, 2023) (*quoting Parks v. Colvin*, 15-cv-6500-FPG, 2017 U.S. Dist. LEXIS 8880, 2017 WL 279558, *3 (W.D.N.Y. 2017) ("[t]he ALJ's failure to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand")) (*citing Daumen v. Berryhill*, 17-cv-514-HBF, 2018 U.S. Dist. LEXIS 206318, 2018 WL 6380385, *5 (W.D.N.Y. 2018) ("[i]f an ALJ fails to comply with an Appeals Council remand order, [his or her] decision is subject to judicial review and can form the basis for a remand to the Commissioner")); *Scott v. Barnhart*, 07-cv-6561-DGL, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("[t]he ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand").

Here, the ALJ erred by failing to follow the AC's remand order. In his prior decision, the ALJ included a limitation requiring that Plaintiff have the option "to sit or stand changing positions every thirty minutes." (Tr. 19). As stated above, the AC's remand order required the ALJ to provide a narrative discussion, as required under SSR 96-8p, as to how such timeframe was derived from the record. (Tr. 1449-50). Instead, the ALJ simply removed the sit-stand option without any explanation. This was error.[3]

---

[3] The Commissioner offers reasons as to why the ALJ was correct in not including a sit/stand limitation. However, such *post hoc* rationalizations must be rejected. The Commissioner may not "create post-hoc rationalizations to explain the [ALJ's] treatment of evidence when that treatment is not apparent from the [ALJ's] decision itself." *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012); *see also Warcholak v. Colvin*, 16-CV-129, 2017 U.S. Dist. LEXIS 20806, at*8 (W.D.N.Y. Feb. 14, 2017) (rejecting commissioner's attempt to rely on various medical records as support for the ALJ's findings because the ALJ never cited these records himself).

Further, not only did the ALJ include a sit-stand option in the RFC finding in his prior decision and then quietly remove it from the current decision without explanation, the ALJ continued to acknowledge that Plaintiff reported "standing too long causing back pain and loss of balance sometimes" and the "need to shift positions while seated." (Tr. 1334). Also, he noted that Plaintiff "could sit for about 5 to 10 minutes before needing to stand and stretch or move around" and "stand 'a couple of minutes' while leaning on her cane." (Tr. 1335). Moreover, consultative examiner, Dr. Hongbiao Liu, M.D., noted that Plaintiff needs to change position every five minutes while sitting or standing. (Tr. 269).

The ALJ's error is not harmless.  SSR 96-9p warns that:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded.

SSR 96-9p, 1996 SSR LEXIS 6, 1996 WL 374185, at *6-7 (S.S.A., Jul. 2, 1996).  Further, even sedentary work requires two hours of standing. SSR 83-10, 1983 SSR LEXIS 30, 1983 WL 31251 at * 5 (S.S.A. Jan. 1, 1983).  Accordingly, remand is required.[4]

---

[4] Plaintiff raises other arguments, including (1) that the ALJ erred by failing to find a reach limitation; and (2) that the ALJ mischaracterized the testimony of medical examiner Dr. Ronald E. Kendrick, M.D.  The Commissioner should also address these arguments on remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is granted and defendant's motion for judgment on the pleadings (Dkt. No.15) is denied.  The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      February 17, 2026
            Buffalo, New York

                                    _____
                                    MICHAEL J. ROEMER
                                    United States Magistrate Judge

- 10 -